## W. M. WIBB v. NANCY SPELLMAN et al.

Pleadings — Parties to Cross-Petition.

  Where an appellant makes himself a party to a cross-petition by answering it, though the petition be filed in one county before a change of venue is granted transferring the cause to another county, he cannot claim a failure of service.

Jurisdiction over Estates — Executors and Administrators — Change of Venue.

  A petition is filed in one county, and afterward a change of venue is granted to another; held that the latter court would have jurisdiction over an intestate's estate, though letters of administration were granted by the former County Court.

APPEAL FROM TRIMBLE CIRCUIT COURT.

June 1, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellant, Wibb, made himself a party to the cross-petition of Mitchell and wife by answering it, and that petition having been filed in the Trimble Circuit Court before the change of venue to Oldham, the latter had jurisdiction over the question of settlement and distribution of the intestate Wibb's estate although administration had been granted in Trimble.

And, as the appellant, Wibb, was a distributee, Mitchell and wife in the same category had a right to seek such relief even in a suit for canceling as fraudulent a bill of sale by the intestate to the appellant of his slaves.

Without intimating whether the cancellation of the bill of sale was authorized by the facts we are of the opinion that the judgment to that effect was premature, the intestate's administrator being a necessary party to that issue on the cross-petition and never having been made a party to it.

For this error alone the judgment is reversed and the cause remanded for further proceedings.

Record condemned for want of index comprehensible, and for want of intelligible order.

*Harlan,* for Appellant.

*Rodman,* for Appellee.